Submitted September 2; conviction for disorderly conduct reversed, otherwise affirmed November 16, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBBY FOSS SCHELL,
*Defendant-Appellant.*

Coos County Circuit Court
15CR0473; A159588

385 P3d 1231

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

## PER CURIAM

Defendant appeals from a judgment of conviction for three misdemeanors: attempted third-degree assault (Count 1), ORS 161.405 and ORS 163.165; second-degree criminal mischief (Count 3), ORS 164.354; and second-degree disorderly conduct (Count 6), ORS 166.025.[1] On appeal, he challenges only his disorderly conduct conviction, assigning error to the trial court's denial of his motion for judgment of acquittal on that charge.[2]

As relevant here, defendant was charged with second-degree disorderly conduct based on a 2:00 a.m. altercation with a taxi driver in which he yelled, kicked out the rear window of the taxi, and chased the driver. The driver had pulled over to the side of the road in a rural area, where there were a few houses. There was no evidence that anyone would have been aware of defendant's conduct other than defendant, the driver, and later the law enforcement officers who responded.

ORS 166.025 prohibits certain conduct if done "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof." In *State v. Love*, 271 Or App 545, 553-55, 351 P3d 780 (2015), we interpreted the word "public" in that statute and concluded that it referred to "the community in general," and "not just specific individuals." Thus, when the offense is charged with a reckless mental state, as here, the state is "required to adduce evidence that defendant consciously disregarded an unjustifiable risk that his behavior would affect not just specific individuals, but the public in general." *Id.* at 554. Citing *Love*, defendant argues that the state failed to present legally sufficient evidence of a risk of *public* inconvenience, annoyance, or alarm. The state concedes that the trial court erred in

---

[1] As relevant here, ORS 166.025 provides:

"(1) A person commits the crime of disorderly conduct in the second degree if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person:

"(a) Engages in fighting or in violent, tumultuous or threatening behavior[.]"

[2] Defendant also assigns error to the trial court's ruling on his objection to the state's closing argument relating to the disorderly conduct charge. In light of our disposition of his first assignment of error, we need not address the second.

denying defendant's motion for judgment of acquittal on that ground. We agree, accept the state's concession, and reverse defendant's disorderly conduct conviction.

Conviction for disorderly conduct reversed; otherwise affirmed.